SUMMARY ORDER

UPON DUE CONSIDERATION it is hereby ORDERED, ADJUDGED AND DECREED that the judgment be, and it hereby is, AFFIRMED.
Iridium India appeals from the district court’s judgment affirming the bankruptcy judge’s denial of Iridium India’s motion to intervene in a bankruptcy adversarial proceeding instituted by the Official Committee of Unsecured Creditors of Iridium against Motorola, Inc.
Motion to Intervene. Iridium India argues that 11 U.S.C. § 1109(b), as interpreted by our decision in In re Caldor, 303 F.3d 161 (2d Cir.2002), endows it with an unconditional right to intervene, and that its unconditional right cannot be limited by Federal Rule of Civil Procedure 24(a)’s requirement that applications to intervene be “timely.” We disagree.
We decided in Caldor that “ § 1109(b) confers on a party in interest an unconditional right to intervene in an adversary proceeding within the meaning of FRCP 24(a)(1).” Id. at 166. Federal Rule of Civil Procedure 24(a) states:
Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant’s ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.
Id. (emphasis added).
Our decision in Caldor thus established that a party in interest under 11 U.S.C. § 1109(b) has an unconditional right to intervene in an adversary proceeding under 24(a)(1) and need not make a separate showing under 24(a)(2). But Rule 24(a) by its own terms requires that, even if an applicant has an “unconditional right” to intervene, the application must still be *775 “timely.” There is no support for Iridium India’s argument that Caldor exempts bankruptcy intervenors from Rule 24’s timeliness requirement.
Iridium India argues in the alternative that timeliness should be measured from the time of the Indian court’s decision blocking access to the parties’ discovery documents. The appellees argue that timeliness should be judged from the start of the adversary proceedings. We agree with the appellees that timeliness should be measured from the start of the proceedings—specifically, when an applicant was aware or should have been aware of the adversarial proceedings, see Sumitomo Metal Indus., Ltd. v. Babcock & Wilcox Co., 69 C.C.P.A. 75, 669 F.2d 703, 707-08 (1982)—or, at the latest, from the date we issued our decision in Caldor, which first clearly established that Iridium India had a statutory right to intervene, cf. Ruiz v. Estelle, 161 F.3d 814, 828 (5th Cir.1998), cert. denied, 526 U.S. 1158, 119 S.Ct. 2046, 144 L.Ed.2d 213 (1999) (holding that timeliness in 24(a)(1) intervention should be judged from the effective date of the statute that gave movants an unconditional right to intervene).
“Among the most important factors in a timeliness decision is the length of time the applicant knew or should have known of his interest....” Catanzano v. Wing, 103 F.3d 223, 232 (2d Cir.1996); see also Sumitomo Metal Indus., 669 F.2d at 708. Here, Iridium India was aware or should have been aware of the adversarial proceeding when it was instituted. Judging timeliness either from the beginning of the proceedings in July 2001—or from our decision in Caldor in September 2002—the district court did not abuse its discretion in concluding that Iridium India’s motion to intervene in May 2004 was unreasonably late.
Modification of the Protective Order. The bankruptcy court determined—and the district court affirmed the determination—that Iridium India had not shown a compelling need or extraordinary circumstances necessary to modify the protective order. In reaching this conclusion, the bankruptcy court ápplied our holding in Martindell v. International Telephone & Telegraph Corp., 594 F.2d 291 (2d Cir.1979), in which we decided that “absent a showing of improvidence in the grant of a Rule 26(c) protective order or some extraordinary circumstance or compelling need ... a witness should be entitled to rely upon the enforceability of a protective order against any third parties.” Id. at 296.
Iridium India argues that the Mar-tindell standard should be limited to cases where the government seeks to modify a protective order. It is true that Martin-dell emphasized that “the Government as investigator has awesome powers which render unnecessary its exploitation of the fruits of private litigation.” Id. at 296 (internal quotation marks omitted). Nevertheless, we have specifically rejected Iridium India’s argument and applied Mar-tindell even when the third party seeking access to discovery material is a private litigant. See SEC v. TheStreet.Com, 273 F.3d 222, 229 n. 7 (2d Cir.2001).
We have articulated some exceptions to Martindell’s “strong presumption against access,” none of which applies here. First, under Martindell itself, a protective order can be modified if it was improvidently granted. Martindell, 594 F.2d at 296; see also In re Agent Orange, 821 F.2d 139, 148 (2d Cir.), cert. denied sub nom. Dow Chem. Co. v. Ryan, 484 U.S. 953, 108 S.Ct. 344, 98 L.Ed.2d 370 (1987). Relying on Agent Orange, Iridium India argues that the original Rule 26(c) protective order was improvidently granted because the parties cannot “demonstrate good cause for shielding any document from public view.” Id. at 147. But we have previously *776 noted that the cited portion of Agent Orange has been overruled by- statute. See TheStreet.Com, 273 F.3d at 233 n. 11. “Without an ability to restrict public dissemination of certain discovery materials that are never introduced at trial, litigants would be subject to needless annoyance, embarrassment, oppression, or undue burden or expense.” Id. at 229.
A second exception to Martindell’s presumption exists for “judicial documents.” In our decision in United States v. Amodeo, 44 F.3d 141, 145-46 (2d Cir.1995), we recognized that the public has a common law presumptive right of access to judicial documents. But because the documents Iridium India seeks have been exchanged solely between the parties, that decision is inapplicable. “Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption’s reach.... ” United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir.1995).
Third, Martindell does not apply when “protective orders that are on their face temporary or limited [do] not justify reliance by the parties.” Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 n. 7 (2d Cir.2004) (internal quotation marks omitted). Iridium India does not — and cannot — argue that the initial protective order in this case was similarly limited in scope.
Because Iridium India’s claim meets none of the Martindell exceptions, neither the bankruptcy court nor the district court abused its discretion in declining to amend the protective order.
For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.